IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 22-cv-03267-NYW-STV

DANA ARMBRUSTER, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

GAIA, INC.,
JIRKA RYSAVY, and
PAUL TARELL,

    Defendants.

---

## ORDER ON MOTION FOR APPOINTMENT OF LEAD PLAINTIFF

This matter is before the Court on the Motion of John L. BeLong for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel (the "Motion"). [Doc. 14]. Upon review of the Motion, the related briefing, and the applicable case law, the Motion is **GRANTED**.

### BACKGROUND

In this action, Dana Armbruster ("Plaintiff"), on behalf of a class, alleges that Defendants Gaia, Inc., Jirka Rysavy, and Paul Tarell made false and/or misleading statements about, and failed to disclose material facts about, Gaia's business, operations, and prospects, in violation of the Private Securities Litigation Reform Act ("PSLRA"). [Doc. 1 at ¶ 57]. Specifically, Plaintiff alleges that Defendants (1) overstated Gaia's Q1 2019 subscriber count; (2) failed to disclose that Gaia lacked "adequate internal controls"; and (3) failed to disclose that Defendants had a heightened risk of regular scrutiny and were ultimately subject to an investigation of the United States Securities and Exchange Commission ("SEC"). [*Id.*]. In September 2022, Gaia reached an

agreement in principle with the SEC in which Gaia consented to, but did not admit or deny any findings in, the entry of an administrative order finding that Gaia had misstated its subscriber count and had failed to comply with certain SEC whistleblower protection requirements. [*Id.* at ¶ 58]. Plaintiff alleges that had the class members been aware of this adverse information, they would not have purchased Gaia's securities or would not have purchased the securities at the artificially inflated prices at which they did. [*Id.* at ¶ 59].

Plaintiff initiated this action on December 20, 2022. [Doc. 1]. That same day, Plaintiff's counsel caused an early notice of the action to be published in BusinessWire. *See* [Doc. 15-1]. On February 21, 2022, Movant John L. BeLong ("Mr. BeLong") filed the instant Motion. [Doc. 14]. He requests that the Court (1) appoint him as Lead Plaintiff in this action; and (2) approve his selection of Lead Counsel. *See* [*id.* at 6, 11]. No responses to the Motion have been filed and the time to respond has elapsed. In addition, no other individuals have moved for appointment as Lead Plaintiff in this case. Accordingly, the Court turns to Mr. BeLong's arguments below.

## LEGAL STANDARD

The PSLRA establishes "a procedure that governs the appointment of Lead Plaintiffs in 'each private action arising under [the Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.'" *In re Ribozyme Pharm., Inc. Sec. Litig.*, 192 F.R.D. 656, 657 (D. Colo. 2000) (quoting 15 U.S.C. § 78u-4(a)(1)). Any member of the purported class may move the Court to serve as Lead Plaintiff, but must do so within 60 days of the published notice of the potential class action. *Mariconda v. Farmland Partners Inc.*, No. 18-cv-02104-DME-NYW, 2018 WL 6307868, at *2 (D. Colo. Dec. 3, 2018) (citing 15 U.S.C. § 78u-4(3)(A)(i)(II)). The Court must then appoint a Lead Plaintiff no later than 90 days after the notice is published. 15 U.S.C. § 78u-4(3)(B)(i)–(ii).

2

The PSLRA establishes "a rebuttable presumption that the 'most adequate plaintiff' is a person or group of persons that (1) either filed the complaint or made a motion in response to a notice, (2) has the largest financial interest in the relief sought, and (3) otherwise satisfies the requirements of Fed. R. Civ. P. 23." *Medina v. Clovis Oncology, Inc.*, No. 15-cv-02546-RM-MEH, 2016 WL 660133, at *3 (D. Colo. Feb. 18, 2016). "As for the requirement that the Lead Plaintiff otherwise satisfy the requirements of Rule 23, only two of the four requirements of Rule 23(a)—typicality and adequacy—impact the analysis of the Lead Plaintiff issue." *Wolfe v. AspenBio Pharma, Inc.*, 275 F.R.D. 625, 627-28 (D. Colo. 2011). "The PSLRA's presumption may be rebutted by a showing that the 'presumptively' most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *In re Molson Coors Brewing Co. Sec. Litig.*, No. 19-cv-00455-DME-MEH, 2019 WL 10301639, at *1 (D. Colo. Oct. 3, 2019) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb)).

## ANALYSIS

### I.     Appointment of Lead Plaintiff

The PLSRA requires that the plaintiff post a notice within 20 days of filing the Complaint, advising members of a purported class "of the pendency of the action, the claims asserted therein, and the purported class period; and that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as Lead Plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i). This early notice must be published in "a widely circulated national business-oriented publication or wire service." *Id.*  Here, Plaintiff's counsel filed a notice of this action in BusinessWire on the same day the Complaint was filed—December 20, 2022. *See* [Doc. 15-1 at 2]. The Court concludes that BusinessWire is an adequate

3

widely circulated national business-oriented publication or wire service under the PSLRA. *See Ragan v. AppHarvest, Inc.*, No. 21-cv-7985 (LJL), 2021 WL 5909116, at *4 n.2 (S.D.N.Y. Dec. 13, 2021); *McCracken v. Edwards Lifesciences Corp.*, No. 8:13-cv-1463-JLS-RNBX, 2014 WL 12694135, at *2 (C.D. Cal. Jan. 8, 2014). Accordingly, the deadline for other individuals to file motions for appointment as Lead Plaintiff was February 21, 2022. No other motions have been filed.

Therefore, the Court turns to the requirements to whether Mr. BeLong is appropriately appointed as Lead Plaintiff. To do so, the Court must determine that Mr. BeLong "(1) either filed the complaint or made a motion in response to a notice, (2) has the largest financial interest in the relief sought, and (3) otherwise satisfies the requirements of Fed. R. Civ. P. 23." *Medina*, 2016 WL 660133, at *3.

***First***, based on the representations made in the Motion, the Court concludes that Mr. BeLong filed the Motion "in response to the early notice issued on December 20, 2022." [Doc. 14 at 7]. The first requirement is thus satisfied. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

***Second***, the Court must determine whether Mr. BeLong has the largest financial interest in the outcome of this litigation. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Mr. BeLong represents that he "purchased 400 Gaia shares and lost approximately $2,306.10 in connection with his purchases of Gaia common stock during the Class Period." [Doc. 14 at 7]; *see also* [Doc. 15-3 at 2]. He further states that he is "not aware of any other individual who has suffered greater losses in Gaia common stock during the Class Period." [Doc. 14 at 7].

The PSLRA does not specify a method for calculating the largest financial interest when considering appointment of a Lead Plaintiff. *See Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 270 (S.D.N.Y. 2015). However, the weight of authority appears to favor the four-factor *Lax*

4

test applied in *Lax v. First Merchants Acceptance Corp.*, Nos. 97-Civ.-2715 et al., 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997), which considers: (1) the total number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404 (S.D.N.Y. 2004).

The Complaint alleges that "[d]uring the class period, on average, several hundreds of thousands of shares of Gaia stock were traded on a weekly basis." [Doc. 1 at ¶ 60]. While Mr. BeLong's 400 purchased shares may be a relatively small portion of that, the Court notes that no other individual has moved for appointment as Lead Plaintiff. Consequently, "of those eligible to be appointed lead plaintiff, [Mr. BeLong] has the largest financial interest in the relief that the class seeks." *Lane v. Page*, 250 F.R.D. 634, 646 (D.N.M. 2007); *see also Saee v. Enservco Corp.*, No. 22-cv-01267-DDD-STV, 2022 WL 3681988, at *3 (D. Colo. Aug. 25, 2022) ("Having no opposition to [the motion], nor argument that another individual has the largest financial interest, the Court finds that Mr. Lambert has satisfied the largest financial interest requirement."). For this reason, the Court is satisfied that Mr. BeLong as the largest financial stake in the outcome in this litigation.

***Third***, the Court must determine whether Mr. BeLong satisfies the "typicality" and "adequacy" requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also* Fed. R. Civ. P. 23(a)(3)–(4) (requiring that "the claims or defenses of the representative parties are typical of the claims or defenses of the class" and that "the representative parties will fairly and adequately protect the interests of the class").

"Typicality exists where the injury and the conduct [forming the basis of the claims] are sufficiently similar." *City of Dania Beach Police & Firefighters' Ret. Sys. v. Chipotle Mexican Grill, Inc.*, No. 12-cv-02164-PAB-KLM, 2013 WL 1677553, at *2 (D. Colo. Apr. 17, 2013). To consider whether Mr. BeLong meets the "typicality" threshold, the Court must "consider whether the circumstances of the movant with the largest losses are markedly different or the legal theory upon which the claims of that movant are based differ from that upon which the claims of other class members will perforce be based." *In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001) (quotation and alteration marks omitted). And in considering whether Mr. BeLong will adequately represent the class, the Court is limited to an "inquiry regarding adequacy to the existence of any conflicts between the interests of the proposed lead plaintiffs and the members of the class." *City of Dania Beach*, 2013 WL 1677553, at *2. "A prima facie showing that the movant satisfies these requirements is sufficient to determine a Lead Plaintiff." *Saee*, 2022 WL 3681988, at *3.

The Court concludes that Mr. BeLong's claims are typical of the class members. Like all class members, Mr. BeLong purchased Gaia common stock when the prices of that stock "were artificially inflated as a result of the Defendants' misrepresentations and omissions." [Doc. 14 at 9]. Mr. BeLong's claims are based on the same factual scenario and legal theories as all other class members' claims, and thus, the Court is satisfied that Mr. BeLong's claims are typical of the class. *See Saee*, 2022 WL 3681988, at *3 (concluding that lead plaintiff's claims were typical of the class where "[l]ike all class members, [the plaintiff] purchased Enservco securities during the class period, which he now argues were artificially inflated by" the defendants' misrepresentations); *City of Dania Beach*, 2013 WL 1677553, at *3 ("The typicality requirement is met in this instance because both plaintiffs allege that they have suffered the same injury as the

6

class members they seek to represent, namely, that they purchased Chipotle common stock at a price inflated by Chipotle's false misrepresentations.").

The Court reaches the same conclusion with respect to the "adequacy" requirement. Mr. BeLong represents that he is not aware of any conflict that exists between his claims and those asserted on behalf of the class, *see* [Doc. 14 at 10], and absent any competing motion or response in opposition, there is no indication in the record that any such conflict exists. *See Saee*, 2022 WL 3681988, at *3; *City of Dania Beach*, 2013 WL 1677553, at *3. Furthermore, Mr. BeLong has declared, under penalty of perjury, that he is willing to serve as a representative party on behalf of the class. [Doc. 15-2 at 2–3]. The Court is satisfied that Mr. BeLong will adequately represent the class.

In sum, the Court finds that Mr. BeLong satisfies all three requirements for appointment as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The Court will thus **GRANT** his request to serve as Lead Plaintiff for the class.

## II.     Appointment of Lead Counsel

Mr. BeLong also requests that the Court approve his selection of counsel—Rosen Law—as Lead Counsel in this case. [Doc. 14 at 11]. The PSLRA vests the Lead Plaintiff, Mr. Belong, with the authority to select and retain Lead Counsel with Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). In assessing Mr. BeLong's request, the Court must determine whether Rosen Law is "qualified, experienced[,] and able to vigorously conduct the proposed litigation." *Darwin v. Taylor*, No. 12-cv-01038-CMA-CBS, 2012 WL 5250400, at *8 (D. Colo. Oct. 23, 2012) (quotation and citations omitted). "The Court will only disturb the lead plaintiff's choice of counsel when necessary to 'fairly and adequately protect the interests of the class.'" *In re Molson*, 2019 WL 10301639, at *2.

Mr. BeLong has submitted a comprehensive and detailed résumé for Rosen Law. *See* [Doc. 15-4]. Considering the extensive experience of Rosen Law in securities litigation and class actions, the Court is satisfied that Rosen Law is an adequate choice of Lead Counsel. The Court will **GRANT** Mr. BeLong's request to appoint Rosen Law as Lead Counsel in this case.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1) The Motion of John L. BeLong for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel [Doc. 14] is **GRANTED**;

(2) John L. BeLong is **APPOINTED** as Lead Plaintiff; and

(3) Rosen Law is **APPOINTED** as Lead Counsel.

DATED: March 23, 2023                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge