**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com

*Lead Counsel for Lead Plaintiff and Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-03267-GPG-STV

DANA ARMBRUSTER, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

GAIA, INC.,
JIRKA RYSAVY, and
PAUL TARELL,

Defendants.

---

## PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF OPPOSED MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT

---

## INTRODUCTION

Lead Plaintiff John L. BeLong and named plaintiff Dana Armbruster (collectively, "Plaintiffs") bring the present Opposed Motion for Leave to Amend the First Amended Complaint in the above-entitled matter to include additional facts that were not publicly available when the First Amended Complaint (defined below) was filed. Under the Federal Rules of Civil Procedure, leave to amend is "freely give[n]". Fed. R. Civ. P. 15(a)(1)(2). The addition of these supplementary facts will not unduly prejudice Defendants, because they are wholly related to the same core set of facts alleged in the First Amended Complaint. Moreover, these facts have been known to Defendants since *before* the First Amended Complaint filing but only to Plaintiffs *after* the First Amended Complaint filing.

Accordingly, for the reasons stated below, Plaintiffs' Opposed Motion for Leave to Amend the Complaint should be granted. Pursuant to D.C.Colo.LCivR 15.1, a copy of the proposed Second Amended Complaint is attached as Exhibit 1 to the Declaration of Phillip Kim (the "Kim Decl.").

## CERTIFICATE OF CONFERRAL

Pursuant to D.C.Colo.LCivR 7.1, Plaintiffs' counsel certifies that it conferred with counsel for Defendants by email regarding the relief sought in this motion for leave to amend. In particular, Lead Counsel for Plaintiffs emailed counsel for Defendants to see if Defendants would agree to Plaintiffs incorporating facts from the May 23, 2023 Securities and Exchange Commission (the "SEC") Order Instituting Cease-And-Desist Proceedings Pursuant to Section 8A of the Securities Act and Section 21C of the

Securities Exchange Act of 1934, Making Findings, and Imposing a Cease-and-Desist Order (the "SEC Order") in the Proposed Second Amended Complaint. Defendants do not agree to the request.

## RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Named plaintiff Dana Armbruster filed this action on behalf of a putative class of Gaia investors on December 20, 2022 against Defendants Gaia, Inc. ("Gaia" or the "Company"), Jirka Rysavy, and Paul Tarell (collectively, "Defendants"), alleging violations of the Securities Exchange Act of 1934 (the "Exchange Act"). Dkt. No. 1. On March 23, 2023, the Court appointed John BeLong Lead Plaintiff ("Lead Plaintiff"). Dkt. No. 23. Pursuant to the March 10, 2023 scheduling order, Plaintiffs filed the First Amended Complaint on May 22, 2023 (the "First Amended Complaint"). Dkt. No. 25.

At their essence, the initial complaint and First Amended Complaint allege that Defendants improperly inflated the number of paying subscribers that it reported to its investors by including thousands of individuals who had free access to the Company's content, which caused an SEC investigation which would later result in Defendants Gaia and Tarell agreeing to the SEC Order which principally included fines and remedial actions. *See generally* Dkt. Nos. 1; Kim Decl., Ex. 2 at 8-10. The initial and First Amended Complaint also contain a disclosure contained in Defendant Gaia's November 7, 2022 quarterly report, filed with the SEC on a form 10-Q, wherein Defendant Gaia revealed it anticipated it would consent to the SEC finding that it misstated the subscriber figure at issue here, engaged in anti-whistleblower activity, up to and including termination of a whistleblower who raised the issue of Defendants

3

misrepresenting paid subscribers to the Company and SEC. *See generally* Dkt. Nos. 1 and 25. In the same disclosure, Defendant Gaia revealed it anticipated Defendant Tarell would consent to the SEC finding that he misstated the subscriber figure at issue here. *Id.*

On May 22, 2023, Plaintiffs filed the First Amended Complaint. *See* Dkt. Nos. 20, 22, and 25.

Then, on May 23, 2023, the day *after* the First Amended Complaint was filed, the SEC announced a settlement of its charges against Defendants Gaia and Tarell for overstating the number of paying subscribers. *See generally* Kim Decl., Ex. 2.[1] The SEC also charged Defendant Gaia with retaliating against a whistleblower and impeding former employees from communicating with the SEC about potential securities law violations. *See Id.* Attached to the announcement on the SEC's website was the SEC Order. The SEC Order was not publicly available until *after* the filing of the First Amended Complaint. The SEC Order revealed detail to the claims alleged in the First Amended Complaint. *See Id.*

In particular, the SEC Order contains factual findings including Defendants'

---

[1] On November 7, 2022, Defendant Gaia filed its quarterly report with the SEC noting the "SEC Investigation and Anticipated Settlement" as well as Defendants Gaia's and Tarell's "agreement in principle with the [SEC's Denver Regional Office] Staff" which substantially matched the later SEC Order. On March 6, 2023, Defendant Gaia filed its annual report with the SEC noting the "SEC Investigation" as well as Defendants Gaia's and Tarell's "agreement in principle with the [SEC's Denver Regional Office] Staff" which substantially matched the later SEC Order and the earlier quarterly filing. On May 1, 2023, Defendant Gaia filed its annual report with the SEC noting the "SEC Investigation and Anticipated Settlement" as well as Defendants Gaia's and Tarell's "agreement in principle with the [SEC's Denver Regional Office] Staff" which substantially matched the later SEC Order and the earlier quarterly and annual filings.

motives to inflate Defendant Gaia's paid subscriber figure, Defendants' awareness of the falsity of the subscriber figure provided to the public for the Company's first quarter of 2019, as well as added detail on Defendants' anti-whistleblower activities.

On July 21, 2023 Defendants filed their Motion to Dismiss pursuant to Rule 12(b)(6).

## ARGUMENT

## (A).    THE LEGAL STANDARD FOR LEAVE TO AMEND THE COMPLAINT

Fed. R. Civ. P. 15(a)(2) of the Federal Rules of Civil Procedure states that parties may amend the pleadings upon leave of court, which should be given "freely" when justice so requires. The United States Supreme Court stated that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should [be granted.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Similarly, the Tenth Circuit has stated, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). The "most important factor" in deciding a motion to amend pleadings is whether the amendment would prejudice the nonmoving party. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).

5

A court's decision on whether to allow amending a complaint, and the "liberal granting of motions for leave to amend", is guided by "the basic policy that pleadings should enable a claim to be heard on its merits." *Calderon v. Kansas Dep't of Social & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999). Fed. R. Civ. P. 15's purpose is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter*, 451 F.3d at 1204 (quoting *Hardin v. Manitowac-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

Further, Fed. R. Civ. P. 15(b) provides for the filing of an amended pleading even after the filing of a motion to dismiss, as in this matter. In addition, the Court's Civ. Practice Standard 7.1B(b), states that "[m]otions to dismiss filed under Federal Rule of Civil Procedure 12(b) are discouraged if the defect is curable by the filing of an amended pleading."[2]  Plaintiffs seek to respond to alleged defects in the First Amended Complaint by incorporating further factual detail from the SEC Order which could not have possibly been alleged in the First Amended Complaint, and by incorporating other detail or clarifications as appropriate. *See supra* n.1.

**(B). FURTHER AMENDMENT WILL NOT CHANGE THE CLAIMS IN THE COMPLAINT**

"Lateness" by itself does not justify the denial of a motion to amend. *Minter*, 451 F.3d at 1205 (citing *Foman*, 371 U.S. at 182, 83 S. Ct. at 230, 9 L. Ed. 2d 222 and *R. E.*

---

[2] While the Uniform Civil Practice Standards are not specifically indicated for Your Honor, they were last updated December 1, 2022, prior to Your Honor receiving this judicial commission on March 24, 2023. Further, the Uniform Civil Practice Standards are readily available on Your Honor's judicial webpage.
http://www.cod.uscourts.gov/Portals/0/Documents/Judges/GPG/Uniform_Civil_Practice _Standards_CMA_RMR_CNS_NYW_2212.pdf.

*B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)). Instead, the court considers whether the plaintiff is making the complaint "a moving target," to "salvage a lost case by untimely suggestion of new theories of recovery," to present "theories seriatim" in an effort to avoid dismissal, or to "knowingly delay raising an issue until the eve of trial." *Id.* at 1206 (internal citations and quotations omitted).

None of those issues are present here. Plaintiffs do not seek to add new claims to the First Amended Complaint, nor to change the Class Period or putative class of investors this action was brought on behalf of. No trial has been set in this matter. Plaintiffs are not seeking to salvage a lost case as no motion to dismiss has been ruled on.

Plaintiffs, by contrast, seek to incorporate newly revealed facts to add detail to the existing claims in the First Amended Complaint. Specifically, among other things, certain facts contained in the SEC Order demonstrate motives to present the false subscriber figure to the investing public, Defendants' awareness of the falsity of that figure, and detail of Defendants' anti-whistleblower activities.

**(C). NO UNDUE PREJUDICE TO DEFENDANTS**

As noted above, the "most important factor" in deciding a motion to amend pleadings is "whether the amendment would prejudice the nonmoving party." *See Minter*, 451 F.3d at 1207. Further, "[o]nce the adversary has answered, amendment is no longer allowed as of right, Fed.R.Civ.P. 15(a), but in general permission is liberally granted where there is no prejudice". *Id.* at 1208 (citing *Eastern Food Servs., Inc. v. Pontifical Catholic Univ. Servs. Ass'n*, 357 F.3d 1, 8 (1st Cir. 2004). Prejudice may be

7

found where an amendment would unfairly affect a defendant's preparation of its defense, when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues, or where a party "was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the … amendment [] been timely." *Deakin v. Magellan Health, Inc.,* 2019 WL 5212805, at *3 (D.N.M. Oct. 6 2019) (citing *Heyl & Patterson, Int'l, Inc. v. F.D. Rich Hous., Inc.*, 663 F.2d 419, 426 (3d Cir. 1981)); *see also Valencia v. Armada Skilled Home Care of NM, LLC*, 2019 WL 6054497, at *3 (D.N.M. Nov. 15, 2019) (granting an amendment where defendants would have an opportunity to oppose plaintiff's proposed class and its ability to assert a defense was not affected by the amendment). Courts typically find prejudice only when the proposed amendments unfairly affect the defendants in terms of preparing their defense to the amendments. *Id.* (citing *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

Further, the filing of an amended complaint after a motion to dismiss does not constitute prejudice. In such situation, Your Honor has found that while "if allowed, the new factual assertions will require some re-tooling of the arguments in [d]efendants' motion to dismiss, I cannot say that amounts to undue prejudice." *CSMN Investments, LLC v. Cordillera Metropolitan District*, 2018 WL 10582185, at *2 (D. Co. Mar. 16, 2018). Additionally, "resources are scare and should be preserved for the appropriate application of those resources. Here, a motion to dismiss has been filed and will likely be re-filed or amended to reflect the additional factual assertions in the second amended complaint. Rather than taking us afield into new areas, requiring extensive

additional briefing, the new facts just add to the calculus." *Id.* at 3 (granting plaintiffs' motion to amend) (citing *Stender v. Cardwell*, 2011 WL 1235414 at *3 (D. Colo. 2011)). Similarly, the supplemental facts proposed here simply add to the calculus and *were known to Defendants before* and only publicly revealed *after* the First Amended Complaint was due to be and was filed.

Under precedent and the facts and circumstances of this case, Defendants will not be prejudiced by the proposed amendment, particularly considering that Plaintiffs could not have alleged facts from the SEC Order in the First Amended Complaint. *Compare* Kim Decl., Ex. 2 *with* Dkt. Nos. 1 and 25. Defendants will have an opportunity to respond to the proposed second amended complaint, which is based on the same subject matter as the First Amended Complaint. *Id.*

Moreover, Plaintiffs in this case are at a severe disadvantage because this is a PSLRA case and discovery cannot commence until after a ruling on a motion to dismiss. 15 U.S.C. § 78u-4(b)(3)(B) ("In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.")

Here, Defendants knew of the SEC investigation and later settlement. Plaintiffs could not have known these facts, much less the underlying conduct, until publicly revealed. *See Id.*

**(D). THE PROPOSED AMENDMENT IS NOT FUTILE**

Plaintiffs' proposed second amended complaint is not futile. Futile in this context

means that "the complaint, as amended, would be subject to dismissal." *Jensen v. Redcliff Ascent, Inc.*, 2014 WL 2739297, at *6 (D. Utah June 17, 2014) (citing *Jefferson Co. Sch. Dist. No. R-1 v. Moody's Investor's Servs.*, Inc., 175 F.3d 848, 859 (10th Cir. 1999)). "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim." *Hamilton v. High Mountain Mining Co., LLC*, 2016 WL 8487966, at *1 (D. Colo. June 22, 2016) (quoting *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999)); *Brawner v. Bank of Am., N.A.*, 2009 WL 10687998, at *2 (D. Kan. Nov. 6, 2009) ("When determining whether an amendment is futile, the court analyzes the proposed amendments as if they were before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).") (footnote omitted).

Therefore, the court will only deny amendments on the basis of futility when "it appears beyond a doubt (that the [party] can prove no set of facts in support of his claims which would entitle him to relief," or when an issue of law is dispositive. *Brawner*, 2009 WL 10687998, at *2; *see also Jensen*, 2014 WL 2739297, at *7 (declining to deem a proposed amended complaint futile even though it might not survive a motion to dismiss as written, given the liberal amendment standard). Further, "denying proposed amendments on the basis of futility requires more than a possibility that certain claims could be dismissed." *Id.* at *3 (granting motion to amend).

The additional facts provided by the SEC Order strengthen Plaintiffs' claim that Defendants violated Section 10(b)-5 of the Exchange Act and Rule 10b-5 promulgated thereunder by providing facts that show that Defendants acted with scienter in relation to a material misstatement that was made to the investing public, and that Defendants

10

did not make a simple mistake or simple mistakes. *See* Dkt. Nos. 1 and 25.

## **CONCLUSION**

The circumstances leading to this request, lack of prejudice to Defendants, precedent, and applicable rules support granting this motion. For these reasons and others stated above, Plaintiffs should be allowed to amend their complaint to incorporate facts from the SEC Order and to alleviate purported deficiencies in the First Amended Complaint.

Dated:  September 19, 2023         Respectfully submitted,

> */s/Phillip Kim*
> Phillip Kim
> The Rosen Law Firm, P.A.
> 275 Madison Avenue, 40th
> Floor New York, NY 10016
> Telephone: (212) 686-1060
> Fax: (212) 202-3827
> Email: pkim@rosenlegal.com
>
> *Lead Counsel for Lead Plaintiff and Class*

## CERTIFICATE OF SERVICE

I, Phillip Kim, hereby declare under penalty of perjury as follows:

I am an attorney at The Rosen Law Firm, P.A., with offices at 275 Madison Ave, 40th Floor, New York, NY 10016. I am over the age of eighteen.

On September 19, 2023, I electronically filed the following **MOTION AND MEMORANDUM OF LAW IN SUPPORT OF OPPOSED MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on September 19, 2023.

*/s/ Phillip Kim*
Phillip Kim

13