**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-03267-GPG-STV

DANA ARMBRUSTER, individually and on
behalf of all others similarly situated,

      Plaintiffs,

v.

GAIA, INC., JIRKA RYSAVY, PAUL TARELL,

      Defendants.

---

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND
FIRST AMENDED COMPLAINT**

---

4854-1365-0563.1

**TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ........................................................................... 1

II.   PROCEDURAL POSTURE AND FACTUAL ALLEGATIONS ...................................... 1

III.  LEGAL STANDARD ..................................................................................... 7

IV.   ARGUMENT ............................................................................................... 8

  1.   Plaintiffs Seek Amendment Based on Their Own Undue Delay. ................................... 8

  2.   Amendment Would Unduly Prejudice Defendants. .......................................... 9

  3.   Amendment Would be Futile. ........................................................................ 11

V.    CONCLUSION ............................................................................................ 14

4854-1365-0563.1

# TABLE OF AUTHORITIES

Page(s)

Cases

*CSMN Invs., LLC v. Cordillera Metro. Dist.*,
   No. 17-CV-2512-RM-GPG, 2018 WL 10582185 (D. Colo. Mar. 16, 2018) ........................... 10
*Deakin v. Magellan Health, Inc.*,
   No. 1:17-CV-00773-WJ-KK, 2019 WL 5212805 (D.N.M. Oct. 16, 2019) ............................. 10
*Durham v. Xerox Corp.*,
   18 F.3d 836 (10th Cir. 1994) ..................................................................................................... 8, 9
*Federal Insurance Co. v. Gates Learjet Corp.*,
   823 F.2d 383 (10th Cir. 1987) ........................................................................................................ 8
*Frank v. U.S. West, Inc.*,
   3 F.3d 1357 (10th Cir. 1993) ..................................................................................................... 7, 8
*Helmle v. Denver Cnty. Judiciary*,
   No. 19-CV-02304-RM-STV, 2022 WL 7380226 (D. Colo. Oct. 13, 2022) ........................... 13
*Hunsaker v. Jimerson*,
   No. 08-CV-01479-REB-MJW, 2011 WL 3470998 (D. Colo. Aug. 5, 2011) ........................... 9
*In re Platinum & Palladium Commodities Litig.*,
   828 F. Supp. 2d 588 (S.D.N.Y. 2011) ......................................................................................... 12
*Inv. Prot. Corp. v. Stratton Oakmont, Inc.*,
   234 B.R. 293 (Bankr. S.D.N.Y. 1999)......................................................................................... 12
*Jefferson County Sch. Dist. v. Moody's Investor's Services*,
   175 F.3d 848 (10th Cir. 1999) ............................................................................................... 11, 13
*Lentell v. Merrill Lynch & Co., Inc.*,
   396 F.3d 161 (2d Cir. 2005) ......................................................................................................... 13
*Makeen Inv. Grp., LLC as trustee for Makeen Fam. Children's Tr. v. Colorado*,
   825 F. App'x 565 (10th Cir. 2020) ............................................................................................ 8, 9
*Minter v. Prime Equip. Co.*,
   451 F.3d 1196 (10th Cir. 2006) ...................................................................................................... 8
*Pownell v. Credo Petroleum Corp.*,
   No. 09-CV-01540-WYD-KLM, 2011 WL 1656499 (D. Colo. Feb. 15, 2011) ......................... 9
*Rabin v. Fid. Nat. Prop. & Cas. Ins. Co.*,
   No. 10-CV-01645-LTB-KLM, 2012 WL 527479 (D. Colo. Feb. 17, 2012) ............................. 8
*Sheldon v. Golden Bell Retreat*,
   No. 19-CV-01371-REB-NYW, 2020 WL 12675934 (D. Colo. July 16, 2020)............... 8, 9, 14
*TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*,
   964 F.2d 1022 (10th Cir. 1992) ............................................................................................. 11, 13
*U.S. Olympic Comm. C. Am. Media, Inc.*,
   156 F. Supp. 2d 1200 (D. Colo. 2001) ........................................................................................... 3
*Valencia v. Armada Skilled Home Care of NM, LLC*,
   No. CV 18-1071 KG/JFR, 2019 WL 6054497 (D.N.M. Nov. 15, 2019)................................. 10

4854-1365-0563.1

*Vigoda v. Rosendahl-Sweeney*,
  No. 21-CV-00182-STV, 2022 WL 425243 (D. Colo. Feb. 11, 2022)...................................... 13
*Wisp Partners, Inc. v. Wisper ISP, LLC*,
  No. 22-CV-01953-WJM-NRN, 2023 WL 4297582 (D. Colo. June 30, 2023) ................... 10, 11

Rules

Federal Rule of Civil Procedure 15 ............................................................................................... 7
Federal Rule of Evidence 408.......................................................................................................... 12

iii

## I.    PRELIMINARY STATEMENT

Plaintiffs' Motion (Dkt. 31) seeks leave to file a Second Amended Complaint—purporting to revise their allegations based on a May 23, 2023 order issued by the Securities and Exchange Commission ("SEC")—four months after that order was issued and two months after Defendants moved to dismiss Plaintiffs' First Amended Complaint. However, review of the newly-asserted allegations makes clear that most of the information was available to Plaintiffs prior to their filing the First Amended Complaint on May 22, 2023 and that any newly-asserted information does not materially change the basis for Plaintiffs' claims. Plaintiffs failed to act diligently in pursuit of their claims and unduly delayed in seeking amendment. Indeed, Plaintiffs do not provide *any explanation* for their delay. This failure alone justifies denial of Plaintiffs' motion under well-established Tenth Circuit precedent. Moreover, Plaintiffs' delay is unduly prejudicial to Defendants because it requires Defendants to re-file their motion to dismiss to address the revised allegations and unnecessarily delays resolution of the same. Finally, Plaintiffs' proposed amendment would be futile because the proposed amended complaint fails to cure the substantial deficiencies raised in Defendants' motion to dismiss the First Amended Complaint. Accordingly, this Court should deny Plaintiffs' motion for leave to amend.

## II.    PROCEDURAL POSTURE AND FACTUAL ALLEGATIONS

Plaintiffs initiated this case on December 20, 2022. (Dkt. 1.) On March 9, 2023, the parties filed a joint motion for an order setting a schedule for an amended complaint and briefing for a motion to dismiss. (Dkt. 20.) The Court granted the joint motion and entered a schedule requiring Plaintiffs to file an amended complaint within 60 days of the Court's decision on Plaintiffs' motion for appointment as lead plaintiff and Defendants to file their motion to dismiss within 60 days of the amended pleading. (Dkt. 22.) On March 23, 2023, the Court granted Plaintiffs' motion for appointment. (Dkt. 23). Accordingly, Plaintiffs filed their First Amended Complaint ("FAC") on

4854-1365-0563.1

May 22, 2023. (Dkt. 25.) The allegations in the FAC primarily relate to a single alleged misstatement regarding Defendant Gaia Inc.'s ("Gaia") reported number of subscribers for the first quarter of 2019 after Gaia transitioned to a new enterprise-wide data system. *See id.* Pursuant to the Court's schedule, Defendants filed their motion to dismiss on July 21, 2023. (Dkt. 28.) Defendants' motion raised numerous bases for dismissal, including: (1) failure to plead an actionable false or misleading statement or omission, (2) failure to adequately plead strong inference of scienter, (3) failure to adequately plead loss causation, and (4) failure to establish a prima facie case of control person liability. *See id.*

On September 1, 2023, Plaintiffs requested additional time to respond to Defendants' motion to dismiss, which was denied by the Court. (Dkts. 29, 30.) On September 19, 2023, the deadline for Plaintiffs to file their opposition to Defendants' motion to dismiss, Plaintiffs filed a motion for leave to amend the complaint. (Dkt. 31.) Plaintiffs argue that their amended complaint incorporates information from a May 23, 2023 order issued by the SEC relating to Defendants (the "SEC Order"). *See* Dkt. 31 at 4. However, review of the amended pleading demonstrates that many of the revisions have nothing to do with the SEC Order and that most of the information reflected in the proposed amendment was available to Plaintiffs prior to their filing of the FAC on May 22, 2023. Any information that was not available until the SEC Order was issued does not materially impact Plaintiffs' claims as detailed in the below chart. Plaintiffs' motion fails to identify any explanation for their delay in moving to amend their pleading until four (4) months after the SEC Order. Plaintiffs simply failed to act diligently and waited until the last possible day to file their motion for leave instead of responding to Defendants' motion to dismiss.

The below chart contains a brief analysis of the revised allegations by paragraph in the proposed Second Amended Complaint ("SAC"), *see* Dkt. 31-2.

4854-1365-0563.1

| SAC ¶¶[1] | Analysis |
|---|---|
| ¶ 3 | This revision merely references the SEC Order. |
| ¶ 4 | This revision summarizes the complaint allegations, addressed in Gaia's motion to dismiss (Dkt. 28) and herein. |
| ¶ 5 | This revision summarizes the complaint allegations, addressed in Gaia's motion to dismiss (Dkt. 28) and herein. |
| ¶ 14 | This revision is not material, has no connection to the SEC Order and reflects information available long before the amended pleading. *See id.* (describing history of Gaia's business). |
| ¶ 15 | This revision has no connection to the SEC Order and reflects information available long before the amended pleading. *See id.* (quoting 2022 Annual Report, dated 3/6/2023). |
| ¶ 16 | Non-material allegation regarding Defendant Tarell's resignation on 6/26/2023. *Id.* |
| ¶¶ 33, 36, 40, 53, 60, 68, 78, 86, 91, 92, 96, 107, 111, 115, 119, | This information is not material and was available in November 2022 and March 2023, months before Plaintiffs filed their FAC. *See* Declaration of Kelsey Boehm ("Boehm Aff.") Ex. 1, Gaia's 2022 10K[2] (disclosing SEC agreement in principle contemplating an administrative order finding that Gaia: "failed to comply with SEC whistleblower protection requirements with respect to the termination of one |

---

[1] When multiple paragraphs are addressed in a single entry, the allegations in those paragraphs are substantially the same.

[2] The 2022 10K is referred to and quoted in Plaintiffs' complaints. *See, e.g.,* Dkt. 32-2 ¶ 15. "When a document is referred to in the complaint and is central to the plaintiff's claim, the court has discretion to consider the document as part of the pleadings." *See, e.g., U.S. Olympic Comm. C. Am. Media, Inc.*, 156 F. Supp. 2d 1200, 1204 (D. Colo. 2001).

3

| | |
|---|---|
| 123, 126, 129, 130, 132 | employee and the language used in severance agreements for other employees"); *Id.* Ex. 3, Gaia's 11/7/2022 10Q at p. 17 (same). |
| ¶ 38 | This revision is not material, has no connection to the SEC Order and reflects information available long before the amended pleading. *Id.* (summarizing stock decline from 12/17/18.) |
| ¶ 43 | This revision is not material, has no connection to the SEC Order and reflects information available long before the amended pleading. *See id.* (quoting 3/4/2019 earnings call). |
| ¶ 44 | This revision is not material, has no connection to the SEC Order and reflects information available long before the amended pleading. *Id.* (summarizing stock decline from March 2019.) |
| ¶ 45 | This revision is not material and reflects information available in November 2022 and March 2023, months before Plaintiffs filed their FAC. *See* Boehm Aff. Ex. 1 Gaia's 2022 10K (disclosing misstatement of subscribers during earnings call "for period ending March 31, 2019, a quarter during which Gaia extended a free month of service to certain subscribers in the midst of a transition to a new enterprise-wide data system"); *Id.* Ex. 3, Gaia's 11/7/2022 10Q at p. 17 (same). |
| ¶ 46 | This revision is not material and is based on information available in November 2022 and March 2023, months before Plaintiffs filed their FAC. *See* Boehm Aff. Ex. 1 Gaia's 2022 10K (disclosing misstatement of subscribers during earnings call "for period ending March 31, 2019, a quarter during which Gaia extended a free |

4

| | month of service to certain subscribers in the midst of a transition to a new enterprise-wide data system"); *Id.* Ex. 3, Gaia's 11/7/2022 10Q at p. 17 (same). |
|---|---|
| ¶ 47 | This allegation is not material and was available in November 2022 and March 2023, months before Plaintiffs filed their FAC. *See* Boehm Aff. Ex. 1 Gaia's 2022 10K (disclosing misstatement of subscribers during earnings call "for period ending March 31, 2019, a quarter during which Gaia extended a free month of service to certain subscribers in the midst of a transition to a new enterprise-wide data system"); *Id.* Ex. 3, Gaia's 11/7/2022 10Q at p. 17 (same). |
| ¶ 48 | The newly-identified number of re-activated subscribers that were included in the paid subscriber count underscores the lack of materiality for the purported misstatement. *See* SAC ¶¶ 48, 49 (15,000 of the 562,000 reported subscribers is only 2.67% of total subscribers). |
| ¶ 49, 54 | No material revision; revised description of information included in FAC. |
| ¶ 52 | The first sentence reflects information that was available in November 2022 and March 2023, months before Plaintiffs filed their FAC. *See* Boehm Decl. Ex. 1 Gaia's 2022 10K (disclosing misstatement of subscribers during earnings call "for period ending March 31, 2019"); *Id.* Ex. 3, Gaia's 11/7/2022 10Q at p. 17 (same). The second sentence appears to be a misstatement and/or scrivener's error as Plaintiffs separately quote Gaia's 4/29/19 press release disclosure of "34% subscriber growth" and "36% increase in revenues" *See* SAC ¶ 49. Regardless, the 15,000 subscribers only reflect a small portion of the total increase of subscribers and revenues reported. *See id.* (referring to increase from 418,200 subscribers to 562,000 subscribers as 34% subscriber growth). |

5

| ¶ 56 | The newly-identified number of re-activated subscribers that were included in the paid subscriber count underscores the lack of materiality for the purported misstatement. *See* SAC ¶¶ 48, 49 (15,000 of the 562,000 reported subscribers is only 2.67% of total subscribers). |
|---|---|
| ¶ 57 | This allegation is not material, has no connection to the SEC Order and reflects information available long before the amended pleading. *See id.* (summarizing stock increase on 4/30/19). |
| ¶ 61 | Information relating to the whistleblower was available prior to the SEC Order (*see* Boehm Decl. Exs. 1 and 3) and the allegation that the whistleblower raised the subscriber count issue in August 2019 *after* the alleged April 2019 misstatement is not material. |
| ¶¶ 62, 69, 79, 88, 93, 97, 99, 108, 112, 116, 120 | This information is not material and was available in November 2022 and March 2023, months before Plaintiffs filed their FAC. *See* Boehm Aff. Ex. 1 Gaia's 2022 10K (disclosing misstatement of subscribers during earnings call "for period ending March 31, 2019, a quarter during which Gaia extended a free month of service to certain subscribers in the midst of a transition to a new enterprise-wide data system"); *Id.* Ex. 3, Gaia's 11/7/2022 10Q at p. 17 (same). |
| ¶ 63 | This allegation has no connection to the SEC Order and reflects information available long before the amended pleading. *Id.* (quoting Gaia's Q219 report.) |
| ¶¶ 70-71 ¶¶ 80-81 ¶¶ 82-83 | No material revision; revised description of information included in FAC. |

4854-1365-0563.1

| ¶ 75 | This revision is not material, no connection to the SEC Order and reflects information available long before the amended pleading. *Id.* (summarizing stock decline from 12/18/19.) |
|---|---|
| ¶ 87 | The date the whistleblower complaint was filed does not materially impact the asserted claims. |
| ¶ 92 | Gaia's actions with respect to the whistleblower are not material to Plaintiffs' claims regarding the 1Q19 subscriber count. Plaintiffs fail to allege any connection between their claims and the whistleblower's termination in 2020. |
| ¶ 133 | Merely references the SEC Order. |
| ¶¶ 134-135, 137 | Quotes and describes the SEC Order and summarizes information available prior to the Order as detailed herein. |
| ¶ 136 | Non-material quotation from the severance agreements disclosed as early as November 2022. *See* Boehm Decl. Ex. 3 at p. 17. |
| ¶ 136 | Non-material reference to Gaia stock decline on 5/23/2023. |

## III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 15, if the time to amend as a matter of course has passed (as it has here), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Denying leave to amend pursuant to Rule 15 is "'justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Ochoa v. Pacino*, No. 20-CV-00755-RMR-STV, 2023 WL 5241739, at *3 (D. Colo. Mar. 8, 2023) (quoting *Frank v. U.S. West, Inc*., 3 F.3d 1357, 1365 (10th Cir. 1993)).

7

## IV.     ARGUMENT

### 1.     Plaintiffs Seek Amendment Based on Their Own Undue Delay.

As discussed herein, Plaintiffs' motion is the direct result of Plaintiffs' own lack of diligence and undue delay in timely investigating and asserting claims against Defendants. "It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend." *Frank v. U.S. W., Inc*., 3 F.3d 1357, 1365 (10th Cir. 1993) (collecting cases). "[C]ourts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Sheldon v. Golden Bell Retreat*, No. 19-CV-01371-REB-NYW, 2020 WL 12675934, at *3 (D. Colo. July 16, 2020) (citing *Federal Insurance Co. v. Gates Learjet Corp*., 823 F.2d 383, 387 (10th Cir. 1987)). "The longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Id.* (citing *Minter v. Prime Equip. Co*., 451 F.3d 1196, 1205 (10th Cir. 2006)). "[E]ven in the absence of demonstrated prejudice to the judicial process or the opposing party, the court may deny leave to amend where there has been undue delay." *Id.* (citing *Rabin v. Fid. Nat. Prop. & Cas. Ins. Co.,* No. 10-CV-01645-LTB-KLM, 2012 WL 527479, at *5 (D. Colo. Feb. 17, 2012)).

This analysis begins with consideration of the reason for the delay. *Rabin*, 2012 WL 527479, at *5. The Tenth Circuit has held that denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the delay." *Id.* (citing *Frank*, 3 F.3d at 1365); *see also Durham v. Xerox Corp*., 18 F.3d 836, 840 (10th Cir. 1994) ("[U]nexplained delay alone justifies the district court's discretionary decision."). Indeed, this Court's prior denial of a motion for leave to amend when the plaintiff failed to offer adequate explanation was affirmed by the Tenth Circuit. *Makeen Inv. Grp., LLC as trustee for Makeen Fam. Children's Tr. v. Colorado*, 825 F. App'x 565, 570 (10th Cir. 2020).

8

Here, Plaintiffs have not offered any explanation for their delay in seeking amendment. Plaintiffs initiated this case in December 2022 and Plaintiffs filed their operative complaint on May 22, 2023. *See* Dkts. 1, 25. Plaintiffs argue that information in the SEC's May 23, 2023 Order provides the basis for their September 19, 2023 motion for leave to amend, but Plaintiffs provide absolutely *no explanation* as to why they did not move for leave to amend at any point between May 23, 2023 and September 19, 2023. Instead, it appears that Plaintiffs sat idly and did not do any investigation until after they reviewed Defendants' well-supported bases for dismissal.[3] Regardless, the allegations in Plaintiffs' proposed SAC are largely based on information that was available prior to the SEC Order (*see supra* Section II) and do not cure the substantial deficiencies requiring dismissal of Plaintiffs' claims. *See infra* Section IV.3. In the end, Plaintiffs' failure to advance any explanation for their undue delay warrants denial of their motion for leave to amend. *See Durham*, 18 F.3d at 840 (affirming district court's rejection of amendment based on unexplained delay); *Sheldon*, 2020 WL 12675934, at *3 (denying motion for leave to amend based on undue delay); *Hunsaker v. Jimerson*, No. 08-CV-01479-REB-MJW, 2011 WL 3470998, at *1 (D. Colo. Aug. 5, 2011) (denying motion for leave to amend when "plaintiff knew or should have known of the facts giving rise to these claims" and failed to provide an explanation for such tardiness in seeking amendment).

**2.    Amendment Would Unduly Prejudice Defendants.**

"[I]n this circuit, 'while prejudice may be one ground justifying a denial of leave to amend, such a showing is not necessary." *Makeen Inv. Grp., LLC*, 825 F. App'x at 570. Indeed,

---

[3] Even then, it was only *after* the Court denied Plaintiffs' motion for extension of time to file a response to Defendants' motion to dismiss that Plaintiffs sought leave to file an amended complaint. *See* Dkts. 29, 30. This sequence of events lends itself to the possibility that Plaintiffs' motive for seeking leave may be dilatory (to delay their need to respond to Defendants' motion and the Court's review of the same).

4854-1365-0563.1

untimeliness alone is sufficient. *Id.* Nonetheless, prejudice to Defendants provides an additional reason supporting denial of Plaintiffs' motion here. Courts typically find prejudice when the proposed amendment unfairly affects the defendants in terms of preparing their defense. *Pownell v. Credo Petroleum Corp.*, No. 09-CV-01540-WYD-KLM, 2011 WL 1656499, at *2 (D. Colo. Feb. 15, 2011). Granting Plaintiffs' motion for leave to amend would be unduly prejudicial to Defendants because the proposed amendment does not cure the deficiencies that were raised in Defendants' prior motion to dismiss and would unnecessarily delay resolution of the motion and require Defendants to refile their motion to dismiss with revisions to address the changes reflected in Plaintiffs' pleading. There is prejudice to a defendant when "it has already written and submitted a detailed motion to dismiss…which would be rendered moot by allowing the Second Amended Complaint." *Wisp Partners, Inc. v. Wisper ISP, LLC*, No. 22-CV-01953-WJM-NRN, 2023 WL 4297582, at *3 (D. Colo. June 30, 2023). "There is also prejudice to Defendant and the Court system as a whole from having a case lie stagnant on the docket without any progress." *Id.* This prejudice justifies denial of Plaintiffs' Motion.

The cases relied on by Defendants regarding prejudice are inapposite. Indeed, none of the cases address prejudice to defendants when the plaintiff files a motion for leave to amend the complaint based on information that was available to the plaintiff at least four months prior to the motion and two months prior to the defendant's expenditure of substantial time and money briefing a motion to dismiss that would be rendered moot based on the delayed amendment. *See CSMN Invs., LLC v. Cordillera Metro. Dist.,* No. 17-CV-2512-RM-GPG, 2018 WL 10582185, at *2 (D. Colo. Mar. 16, 2018) (granting motion to amend when defendants *did not even argue* that there was undue prejudice, undue delay, or bad faith); *Deakin v. Magellan Health, Inc.,* No. 1:17-CV-00773-WJ-KK, 2019 WL 5212805, at *2 (D.N.M. Oct. 16, 2019) (granting motion to amend prior

10

to amendment deadline and when there was no motion to dismiss pending); *Valencia v. Armada Skilled Home Care of NM, LLC*, No. CV 18-1071 KG/JFR, 2019 WL 6054497, at *1 (D.N.M. Nov. 15, 2019) (granting motion to amend when it was based on information that plaintiff first learned through discovery and plaintiff promptly sought amendment after receiving that discovery).

In the event this Court grants Plaintiffs' Motion, this Court should order Plaintiffs "to alleviate the prejudice to Defendant from the delay" by requiring Plaintiffs to "pay Defendant's reasonable attorneys' fees associated with the preparation and filing of the motion to dismiss[.]" *Wisp Partners, Inc.*, 2023 WL 4297582, at *3.

### 3.    Amendment Would be Futile.

In addition, granting Plaintiffs' leave to amend the complaint would be futile. Defendants have already demonstrated through their motion to dismiss that Plaintiffs' claims lack merit, regardless of the newly-asserted allegations. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999) (citing *TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992)).

Defendants raised several distinct bases for dismissal of Plaintiffs' FAC. *See* Dkt. 28. Plaintiffs' proposed SAC fails to address those deficiencies. Indeed, in Plaintiffs' motion for leave to amend, they do not even try to address three of the four main arguments in Defendants' motion to dismiss, and instead conclusively assert that the SAC's additional facts "show that Defendants acted with scienter in relation to a material misstatement that was made to the investing public, and that Defendants' did not make a simple mistake or simple mistakes." (Dkt. 31 at 10-11.) However, review of the SAC's allegations still fail to allege facts demonstrating that the

11

Defendants *intended* to deceive, manipulate or defraud investors through the 1Q19 subscriber count disclosure. In fact, the new allegations demonstrate the opposite. *See* SAC ¶ 45 (alleging that the New Billing System "had technical issues which created confusion among Gaia's employees, including Tarell"). The newly-alleged fact that Defendants were confused due to technical issues encountered during the transition to a new billing system further demonstrates that the misstated subscriber count for a single quarter was a *mistake* due to confusion and not a calculated attempt to deceive the investing public as required to demonstrate scienter. *See* Dkt. 28 at p. 16. Moreover, it should be noted that the SEC Order was entered into by Gaia and Tarell on a neither admit nor deny basis (no admissions were made), and the claims referenced in the SEC Order are negligence-based only and do not include scienter-based violations. *See* Dkt. 31-3 ¶ 33. Finally, settled SEC orders are not considered admissible evidence. *Sec. Inv. Prot. Corp. v. Stratton Oakmont, Inc.*, 234 B.R. 293, 336 (Bankr. S.D.N.Y. 1999) (striking SEC Consent Order allegations from complaint observing that the "Second Circuit has clearly held that consent judgments such as these, are not the result of actual adjudication on the merits and therefore cannot be used as evidence in subsequent litigations"); *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 588, 595 (S.D.N.Y. 2011) (granting motion to strike complaint allegations regarding CFTC Order pursuant to FRE 408's bar on "evidence of a compromise to provide liability for the claim"). Accordingly, the SEC Order is not probative on the issue of intent and cannot be relied on by Plaintiffs to support their claims. *See id*.

Similarly, Plaintiffs' revised allegations do nothing to address Plaintiffs' failure to plead loss causation. *See* Dkt. 28 at 17-20 (motion to dismiss based on failure to plead loss causation). Indeed, many of Plaintiffs' proposed SAC allegations do not revise the alleged stock losses and instead summarize or rephrase the same allegations that were already included in the FAC. *See*

12

4854-1365-0563.1

Dkt. 32-2 ¶¶ 38, 65, 75. The only two substantively new stock decline allegations still fail to establish loss causation. (Dkt. 32-2 ¶¶ 43-44, 138.) For example, paragraphs 43-44 allege that there was a decline in stock prices following Gaia's disclosure of missed expectations on a March 4, 2019 earnings call. (Dkt. 32-2 ¶¶ 43-44.) However, Gaia's accurate disclosure of missed expectations does not demonstrate loss causation because Plaintiffs do not allege that the missed expectations were a corrective disclosure of improperly hidden information or materialization of a concealed risk. *See* Dkt. 28 at 18 (citing *Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161, 173-74 (2d Cir. 2005)). Similarly, Plaintiffs' allegation that Gaia's stock price declined by $0.11 at close on May 23, 2023 (Dkt. 32-2 ¶ 138) fails to establish loss causation because Plaintiffs do not (and cannot) show that the decline resulted from the May 23, 2023 SEC Order because the source code for the SEC's disclosure shows that it was not released until 19:59:14, after the close of trading on May 23, 2023. (Boehm Decl. Ex. 2.) Moreover, Gaia first disclosed the existence of the SEC settlement on November 7, 2022, when it filed its quarterly report. (*Id.* Ex. 3 at p. 17.) Following this disclosure, the stock price actually increased. *See* Dkt. 28 at p. 18. Thus, the May 23, 2023 SEC Order does not constitute a corrective disclosure as the impact (or lack thereof) related to Gaia's disclosure of the SEC action had already been absorbed by the stock market.

In sum, allowing Plaintiffs' proposed amendment would be futile because Plaintiffs fail to sufficiently allege scienter and loss causation, both of which are essential to Plaintiffs' claims. Therefore, this Court should deny Plaintiffs' motion for leave to amend as futile. *See Jefferson County Sch. Dist.*, 175 F.3d 848, 859 (affirming denial of motion because allowing leave to amend would be futile); *TV Commc'ns Network, Inc.*, 964 F.2d 1022, 1028 (affirming denial of motion for leave to amend when plaintiff made no showing as to how it could cure deficiencies); *Vigoda v. Rosendahl-Sweeney*, No. 21-CV-00182-STV, 2022 WL 425243, at *8 (D. Colo. Feb. 11, 2022)

13

(denying motion for leave "[w]hen the proposed amended complaint does not cure deficiencies and does not alter the fundamental nature of the plaintiff's claims"); *W.-Helmle v. Denver Cnty. Judiciary*, No. 19-CV-02304-RM-STV, 2022 WL 7380226, at *3 (D. Colo. Oct. 13, 2022), (same); *Sheldon*, 2020 WL 12675934, at *1 (same).

## V.    CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court enter an Order denying Plaintiffs' motion for leave to amend the complaint.

DATED this 3rd day of October, 2023.

Respectfully submitted,

/s/ *Thomas Krysa*
Thomas Krysa
Kelsey C. Boehm
Stephanie Adamo
Foley & Lardner LLP
1400 16th Street, Suite 200
Denver, Colorado 80202
Phone: 720.437.2013
Fax: 720.437.2200
tkrysa@foley.com
kboehm@foley.com
sadamo@foley.com

14

4854-1365-0563.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of October, 2023 I electronically filed the foregoing

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

**FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which

will send notification of such filing to counsel of record for all parties.


*s/ Heather Kunkel*


1

4854-1365-0563.1