**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com

*Lead Counsel for Lead Plaintiff and Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-03267-GPG-STV

DANA ARMBRUSTER, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.


GAIA, INC.,
JIRKA RYSAVY, and
PAUL TARELL,

Defendants.

---

### PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT

---

1

Lead plaintiff John L. BeLong and named plaintiff Dana Armbruster (collectively, "Plaintiffs") respectfully submit as supplemental authority the First Circuit Court of Appeals' recent decision in *Shash v. Biogen, Inc.*, et al., 2023 WL 6617278 (1st Cir. Oct. 11, 2023), which was issued on October 11, 2023, the day after Plaintiffs' Reply in Support of Opposed Motion for Leave to Amend the First Amended Complaint was filed. Dkt. No. 35. The *Biogen* decision is attached hereto as Exhibit 1 and is submitted in further support of Plaintiffs' Opposed Motion for Leave to Amend the First Amended Complaint. Dkt. No. 31. In *Biogen*, the First Circuit Court of Appeals reversed in part a district court's dismissal of a securities fraud class action brought under § 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder.

Plaintiffs direct the Court to the First Circuit's loss causation analysis. The First Circuit held that "[h]aving reviewed our circuit's loss causation precedent, we find nothing requiring that a stock's price must drop immediately following a corrective disclosure for loss causation to be sufficiently pled." *Id.* at *14.

The First Circuit cited holdings in other circuits on the issue of loss causation, which it deemed "instructive." *Id.* The First Circuit cited *Lormand v. U.S. Unwired*, 565 F.3d 228, 267 n.33 (5th Cir. 2009), in which the Fifth Circuit explained that when a "disclosure was followed immediately by a stock price increase rather than a decrease," loss causation can still be adequately pled because "[t]he market could plausibly have had a delayed reaction" and "[t]he actual timing [of a loss] is a factual question," disputes over which are "not enough to dismiss a complaint that alleges a specific causal link." *Id.*

2

It also cited *In re Gilead Sciences Securities Litigation*, 536 F.3d 1049, 1058 (9th Cir. 2008), in which the Ninth Circuit explained that "[a] limited temporal gap between the time a misrepresentation is publicly revealed and the subsequent decline in stock value does not render a plaintiff's theory of loss causation per se implausible." *Id.* The First Circuit further cited *Nakkhumpun v. Taylor*, 782 F.3d 1142, 1154 (10th Cir. 2015), in which the Tenth Circuit held that loss causation was adequately pled despite a "concern about the attenuated relationship between the false statement and materialization of the risk … because the significance of intervening events[,] [if any existed,] created a fact issue that could not be resolved on a motion to dismiss under Rule 12(b)(6)." *Id.* Finally, the First Circuit cited *Singer v. Reali*, 883 F.3d 425, 447 (4th Cir. 2018), in which the Fourth Circuit "concluded that plaintiffs had adequately alleged loss causation where the complaint stated that the company's stock price dropped […], in part, because of a corrective disclosure revealed the day prior in a Form 8-K filing." *Id.*

Dated:  October 16, 2023                Respectfully submitted,

                                        */s/Phillip Kim*
                                        Phillip Kim
                                        The Rosen Law Firm, P.A.
                                        275 Madison Avenue, 40th
                                        Floor New York, NY 10016
                                        Telephone: (212) 686-1060
                                        Fax: (212) 202-3827
                                        Email: pkim@rosenlegal.com

                                        *Lead Counsel for Lead Plaintiff and Class*

## CERTIFICATE OF SERVICE

I, Phillip Kim, hereby declare under penalty of perjury as follows:

I am an attorney at The Rosen Law Firm, P.A., with offices at 275 Madison Ave, 40th Floor, New York, NY 10016. I am over the age of eighteen.

On October 16, 2023, I electronically filed the following **PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on October 16, 2023.

*/s/ Phillip Kim*
Phillip Kim