UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-CV-03267-GPG-STV

DANA ARMBRUSTER, individually and on behalf of
all others similarly situated,

      Plaintiffs,

vs.

GAIA, INC., JIRKA RYSAVY, PAUL TARELL,

      Defendant.

## GAIA, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY

Gaia, Inc. ("Gaia") submits this Notice of Supplemental Authority regarding its pending Motion to Dismiss (Dkt. # 45):

1. Attached hereto as **Exhibit 1** is a copy of the court's decision on defendants' motions to dismiss in *Securities and Exchange Commission v. SolarWinds Corp. & Timothy G. Brown*, Case No. 23-cv-09518-PAE (S.D.N.Y.). In *SolarWinds*, the SEC brought a securities enforcement action against the company and its vice president of information security. SolarWinds sells high-end and purportedly secure software to government and private entities. The SEC brought claims based on alleged misstatements and other securities law violations related to cybersecurity breaches and attacks associated with SolarWinds' software products. In addition to

fraud claims, the SEC brought claims against SolarWinds for alleged deficiencies in the company's internal accounting controls and disclosure controls and procedures.[1]

2. In *SolarWinds*, the court analyzed whether the company's cybersecurity deficiencies could serve as a basis for the SEC's claims for deficient internal accounting controls. The court determined that internal accounting controls are limited to controls that address financial reporting (*i.e.*, the reporting of financial transactions and events on a company's financial statements). Because the cybersecurity issues did not impact the company's financial statements, the court dismissed the SEC's claims. *Id.* at 94-102. Similarly, in the instant case, Defendants argue that Gaia's subscriber count issue and defective severance agreements cannot serve as a basis for allegations that Gaia's internal accounting controls were defective, or that Defendants Rysavy and Tarell provided false SOX certifications. *See* Motion (Dkt. # 45), pgs. 10-12; Reply (Dkt. # 47), pgs. 7-9. Simply put, because the subscriber count issue and defective severance agreements did not impact Gaia's financial statements, there are no alleged deficiencies in Gaia's internal accounting controls in the instant case.

3. The SolarWinds court also analyzed whether the company's cybersecurity issues could serve as a basis for the SEC's claims for deficient disclosure controls and procedures. In dismissing the SEC's claims, the court found that the SEC had failed to allege any specific deficiency in the company's cybersecurity Incident Response Plan that could create a disclosure issue, stating in part that the "SEC does not plead any deficiency in the construction of this system"

---

[1] The SEC can bring claims for deficiencies in internal accounting controls and disclosures controls and procedures under Section 13(b)(2)(B) of the Securities Exchange Act of 1934 ("Exchange Act") and Exchange Act Rule 13a-15(a), respectively. There is no private right of action for these claims. However, Plaintiff in the instant case alleges as part of the fraud claims that Defendants Rysavy and Tarrell signed false SOX certifications that Gaia's internal accounting controls and disclosure controls and procedures were effective during the period at issue. Accordingly, the *SolarWinds* decision is instructive.

and "errors happen without systemic deficiencies." *Id.* at 102-106. Similarly, in the instant case, Defendants argue that Plaintiff has failed to allege any specific deficiencies in Gaia's disclosure controls and procedures that could create a disclosure issue. *See* Motion (Dkt. # 45), pgs. 10-12; Reply (Dkt. # 47), pgs. 7-9. Because of this, the allegations that Defendants Rysavy and Tarrell falsely certified Gaia's disclosure controls and procedures fail, and such allegations cannot serve as a basis for the fraud claims in the instant case.

Respectfully submitted, this 18th day of July 2024.

>*/s/ Thomas J. Krysa*
> Thomas J. Krysa
> Kelsey C. Boehm
> Stephanie Adamo
> Foley & Lardner LLP
> 1400 16th Steet, Suite 200
> Denver, CO  80202-1471
> Phone:  720.437.2000
> Fax:     720.437.2200
> tkrysa@foley.com
> kboehm@foley.com
> sadamo@foley.com

**CERTIFICATE OF SERVICE**

I certify that on July 18, 2024, a true and accurate copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Heather Kunkel*
Heather Kunkel
