IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

DANA ARMBRUSTER, individually and on
behalf of all others similarly situated,

       Plaintiff,

v.

GAIA, INC., PAUL TARELL,

       Defendants.

Civil Action No. 1:22-cv-03267-GPG-STV

---

## JOINT AND STIPULATED PROTECTIVE ORDER

---

Pursuant to Fed. R. Civ. P. 26(c), the following provisions shall govern the disclosure and use of all Confidential Information disclosed in the course of discovery in this action.

1.     <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and request entry of the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under

-1-

seal; D.C.COLO.LCivR 7.2 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1.    Action: *Armbruster et al v. Gaia, Inc. et al*, No. 1:22-cv-03267-GPG-STV.

2.2.    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3.    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4.    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.5.    Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.6.    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7.    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8.    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or

as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.9.    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that counsel determines, in good faith, describe, disclose, or comprise highly sensitive information that is proprietary, a trade secret or otherwise sensitive non-public information that is not known to competitors, that derives its value from being highly confidential, and that would create a risk of harm that the Designating Party believes could not be avoided with the "CONFIDENTIAL" designation.

2.10.    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11.    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.12.    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13.    Party: any party to this Action, including all its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14.    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15.   Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16.   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the provisions of this Stipulated Protective Order.  Pursuant to Paragraph 3 below, Protected Material does not include (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

2.17.   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to

the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1.    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Designations that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or

-5-

items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.    <u>Manner and Timing of Designation</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(b)    for testimony given in deposition testimony, the Designating Party may elect to

verbally designate confidentiality on the record, before the close of the deposition for application to the forthcoming transcript for the deposition or other proceeding. Within thirty (30) calendar days after the transcript becomes available for review, the Designating Party may modify, in writing, the verbal confidentiality designation, after which the final transcript will be revised to

reflect such modification.

(c)  for testimony in other pretrial or trial proceedings, the parties may elect to verbally designate confidentiality on the record for information revealed during the course of the proceedings. Within fourteen (14) calendar days after the final original transcript becomes available for review, the Designating Party may modify, in writing, the verbal confidentiality designation, absent an order by the Court to the contrary, after which the final transcript will be revised to reflect those designations.

(d)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3.    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 7 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3.    Judicial Intervention. If the dispute cannot be resolved, the Challenging Party may seek appropriate relief from this Court per this Court's practice standards. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential"

-8-

subject to the provisions of this Protective Order.

6.4.    Burden of Persuasion. The burden of persuasion in any such challenge proceeding is as provided by applicable law. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules that the Discovery Material should no longer be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or the party who designated the documents withdraws such designation in writing

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 13 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action as well as employees of said Outside Counsel of Record that are informed of the duties hereunder;

(b)      any Receiving Party who is a natural person and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)      the officers, directors, and employees (including House Counsel) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)      Experts of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)      the court, including any appellate court, and its personnel;

(f)      court reporters and their staff;

(g)      professional jury or trial consultants, mock jurors, and Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)      during their depositions, witnesses, and attorneys for witnesses, in the Action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(i)      following a deposition notice, any witness, and attorneys for witnesses, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(j)      any mediator, arbitrator, or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(k)      the Parties to this action, their insurers (including reinsurers), and counsel to their insurers;

(l)      the author or recipient of a document containing the information or a custodian or other person who Outside Counsel reasonably believe may or should have known the information; and

-10-

(m)      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy.

7.3.      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)      the Receiving Party's Outside Counsel of Record in this Action as well as employees of said Outside Counsel of Record that are informed of the duties hereunder;

(b)      any Receiving Party who is a natural person and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)      Experts of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)      the court, including any appellate court, and its personnel;

(e)      court reporters and their staff;

(f)      professional jury or trial consultants and Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)      during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)      any mediator, or arbitrator, or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

-11-

(i)      the Parties to this action, their insurers (including reinsurers), and counsel to their insurers;

(j)      the author or recipient of a document containing the information or a custodian or other person who Outside Counsel reasonably believe may or should have known the information; and

(k)      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy.

8.      <u>PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN OTHER LITIGATION.</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or Court order;

(b)      promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order;

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected; and

(d)      If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" or "Highly Confidential" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or

-12-

unless a court orders otherwise. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party.

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

The parties agree that this Stipulated Protective Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence and thus if information subject to a claim of attorney-client privilege or attorney work product is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or any other applicable privilege for withholding production. The non-waiver of such privileges or protections shall apply to this action (including any appeal of this action), as well as to any other federal or state proceeding. Upon becoming aware of its inadvertent production of protected materials (hereinafter referred to as the "Identified Materials"), the Producing Party must promptly notify the Receiving Party of the Identified Materials and its intention to claw back those Identified Materials as soon as practical after the Producing Party first becomes aware of the Identified Materials.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    MISCELLANEOUS

12.1.    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2.    Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3.    Filing Protected Material. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the Parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued

-15-

upon motion of the Party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2.

12.4.    Continuing Jurisdiction. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

13.    FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in Paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in section 4.

SIGNED this the _23__ day of ___June__, 2025

BY THE COURT:

_____

Hon. Scott T. Varholak
United States Magistrate Judge

-16-

**EXHIBIT A**
**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

I, _____, declare that:

1.      My address is _____.

2.      The name and address of my present employer is

_____.

3.      My present occupation or job description is

_____.

4.      My present relationship to plaintiff/defendant is

_____.

5.      I have received a copy of the Protective Order in the action *Dana Armbruster et al v. Gaia,*

*Inc. et al*, Civil Action No. 1:22-cv-03267-GPG-STV (D. Colo.).

6.      I have carefully read and understand the provisions of the Protective Order, agree to be

bound by it, and specifically agree that I will not use or disclose to anyone any of the contents of

any Confidential Information received under the Protection of the Protective Order.

7.      I further agree to submit to the jurisdiction of the United States District Court, District of

Colorado, and understand that the Court may impose sanctions for any violation of the Protective

Order, and that violation of the Protective Order may also provide the basis for civil action. I

declare under penalty of perjury under the laws of the state where executed that the foregoing is

true and correct.

Executed this _____ day of _____, 202__, in the State of _____.

_____
Signature